**UNITED STATES of America, Plaintiff,**

v.

**Tedric BEVERLY, et al., Defendants.**

**No. 87 CR 411.**

United States District Court,
N.D. Illinois, E.D.

Sept. 2, 1988.

Anton R. Valukas, U.S. Atty., James M. Conway, Asst. U.S. Atty., Chicago, Ill., for U.S.

Walter Jones, Jr., Curiel & Jones, Chicago, Ill., for Tedric Beverly.

## MEMORANDUM OPINION

SHADUR, District Judge.

At the time Tedric Beverly ("Beverly") and his co-defendants Frank Williams and Larry Taylor were tried before this Court on charges stemming from an aborted armed bank robbery, our Court of Appeals had consistently barred criminal defendants from asserting entrapment defenses unless they were willing to admit all elements of the offense, including mens rea. Both before and during the trial this Court of course adhered to those rulings, so it foreclosed Beverly from the effective advancement of the entrapment defense that his able counsel had sought to assert on his behalf.[1]

After the trial, which resulted in Beverly's conviction, and after this Court had sentenced Beverly, the Supreme Court resolved the inter-circuit split on the entrapment issue by reversing our Court of Appeals' *Mathews* decision at — U.S. —, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). Beverly has appealed his conviction on the entrapment issue (and on another ground, see

n. 3), and he now seeks release pending appeal under 18 U.S.C. § 3143(b) ("Section 3143(b)"). In response the government urges that *Mathews* does not provide an automatic outright reversal or new trial to someone in Beverly's situation, because of the condition built into the *Mathews* holding, 108 S.Ct. at 886 (emphasis added):

> We hold that even if the defendant denies one or more elements of the crime, he is entitled to an entrapment instruction *whenever there is sufficient evidence from which a reasonable jury could find entrapment.*

Here the problem in applying that condition is that this Court's adherence to then-established entrapment principles cut Beverly off at the pass by barring the introduction of evidence reflecting his own state of mind, so that no full record was created to allow the effective evaluation of Beverly's situation in the new universe opened up by the Supreme Court. That meant the evidence actually presented at trial was not such as to warrant a jury instruction on entrapment. Thus the situation is precisely that recently described by the Third Circuit in *United States v. Bay*, 852 F.2d 702, 704 (3d Cir.1988) (adapted to this case):

> Our inquiry in the current case thus requires two steps: first, whether the record discloses sufficient evidence from which the jury could have found entrapment; and, second, whether [Beverly] can show that he could have adduced sufficient evidence had he been given the opportunity to do so. Because we hold that the evidence actually presented did not warrant instructing the jury on entrapment, the district court did not necessarily err in refusing the requested instruction.

Under the circumstances this Court is unable to determine with any degree of certainty whether Beverly meets the condition of Section 3143(b)(2) requiring his re-

---

**1.** During that entire period this Court had advised counsel that it was constrained to follow the established law in this Circuit, although the Supreme Court had then granted certiorari (480 U.S. 945, 107 S.Ct. 1601, 94 L.Ed.2d 788 (1987)) to our Court of Appeals in *United States v. Mathews*, 803 F.2d 325 (7th Cir.1986) to resolve an inter-circuit split of authority.

**1258**

lease pending appeal:[2]

> that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, or a sentence that does not include a term of imprisonment.[3]

This Court therefore takes a leaf from the pages in *Bay* and requests that the Court of Appeals remand Beverly's appeal for a prompt evidentiary hearing. *Bay's* sensible resolution of the matter might well have been written for this case (at 705 (adapted to this case):

> 14. There is thus no evidence in the record to support a finding that [Beverly] was induced to commit the acts for which he was indicted, or that he was not predisposed to commit the crime.
>
> 15. This case is made more difficult however, because the district court made its ruling on the requirements of the entrapment defense before the start of trial. Because the court ruled prior to the presentation of evidence, [Beverly] may have been discouraged from putting evidence in the record which would have been sufficient to reach the jury on the entrapment defense, bit [sic—should of course be "but"] he intimates, ... that he would adduce additional facts. In his brief on remand, [Beverly] has not made any reference to evidence that he could have produced that would have helped his entrapment defense.[4] However, because we cannot be sure that no such evidence exists, we will remand to the district court for a determination of that issue.

> 16. The question of whether sufficient evidence exists to present an issue to a jury is a legal one. The district court should, therefore, hold a hearing in which [Beverly] will proffer all evidence of entrapment not already in the record. If the court decides that there is sufficient evidence to present the issue to the jury, a new trial will be required, but if [Beverly] has no further evidence, or if the court decides that all of the evidence together still would not warrant a jury verdict, the convictions will stand.
>
> 17. We believe that the procedure described above is preferable to simply remanding the case for a new trial at this juncture. By doing so we ensure that [Beverly] will obtain the benefit of the decision in *Mathews* but avoid giving him the windfall of a full new trial where *Mathews* does not require one. *Cf. Waller v. Georgia*, 467 U.S. 39, 49–50 [104 S.Ct. 2210, 2217, 81 L.Ed.2d 31.] (1984); *United States v. Downing*, 753 F.2d 1224, 1243–44 (3d Cir.1985).

Under the circumstances, this memorandum opinion is being transmitted to the Court of Appeals as well as provided to counsel for the parties. This Court will await a response to the request for remand, because an affirmative answer would obviate the need to rule on Beverly's motion in its present somewhat inchoate form.

---

2. No contention is made by the government that *Beverly would not be entitled to an affirmative finding on the other branch of Section 3143(b):*
>    (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title;

3. [Footnote by this Court.] Beverly's other argument before the Court of Appeals (Br. at 12–15) asserts a deprivation of due process because of outrageous government conduct. This Court finds that contention does not "raise[ ] a substantial question of law or fact likely to

result in reversal" (Section 3143(b)(2)) under the standards announced by our Court of Appeals.

4. [Footnote by this Court] Beverly's R.Mem. 4–5, tendered to this Court on the current motion, summarizes (in his counsel's words, of course) what Beverly would assertedly have testified to bearing on entrapment if he had been allowed to do so at the trial. In this Court's view the *Bay* resolution of the matter, by calling for an evidentiary hearing (rather than simply counsel's general summary), is the better course.